# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN H. PRINGLE,
Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:12-cv-411

Spiegel, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss, petitioner's response in opposition and respondent's reply. (Docs. 6, 7, 8).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On May 6, 2010, the Brown County, Ohio grand jury returned a nine-count indictment charging petitioner with two counts of attempted murder, three counts of felonious assault, two counts of vandalism, one count of domestic violence and one count of inducing panic. (Doc. 6, Ex. 1). All counts included a firearm specification. *See id.* After initially entering a not guilty plea (Doc. 6, Ex. 2), petitioner withdrew his former plea and pled guilty to one count of felonious assault with a firearm specification and one count of domestic violence. (Doc. 6, Ex. 3). On September 15, 2010, the trial court accepted petitioner's guilty plea and sentenced petitioner to a total aggregate sentence of ten years in the Ohio Department of Corrections. (Doc. 6, Ex. 4).

Petitioner did not file an appeal from the trial court's judgment of conviction and sentence.

**Federal Habeas Corpus**

On May 29, 2012, petitioner filed the instant federal habeas petition. (Doc. 1). Petitioner raises the following two grounds for relief in the petition:

**GROUND ONE**: Void Commitment Papers

Supporting Facts: The warden here at C.C.I. is holding me, John H. Pringle in custody under v[oi]d com[m]itment. Papers Ex[h]ibits A through J enclosed in violation of the United States Constitution and laws and in which violates the Act of Congress under the 25th section of the Act of 1789 with my judgment and conviction Case No. 2010-2075 in which is a[n] absolute[] nullity with plea agreement and requires the granting of the writ of habeas corpus, because when the state dismissed counts 1, 3, 4, 5, 6, 7, and 9 Ex[h]ibits F circled they also dismissed Count 2, Count 2 is exactly the same as Count 4 Ex[h]ibits A and B in the indictment circled Ex[h]ibits A and B  No defendant in our United States can be forced to plea to a charge that has already been dismissed by the State. I should not be in state prison at all Count 4 and Count 2 of the indictment No. 2010-2075 are exactly the same, relief is so prayed for from this unlawful confin[e]ment.

**GROUND TWO**:  Void Judgment

Supporting Facts: A void judg[]ment order or decree may be attac[k]ed at any time either directly or collaterally. I am claiming a right under the Act of Congress by the 25th Section of the Act of 1789  Congress authorized writs of error or appeals to be issued from the United States Supreme Court to a state court. Whenever a right had been claimed under the Constitution or laws of the United States and the decision of the state court was against it. When the State dismissed Count 4 they also dismissed Count 2 of the indictment No. 2010-2075 because the counts are exactly the same. So there is only one count to go to trial for and that is Count 8 and I wanted to go to trial and the state denied me trial by jury and forced me to plea. Jurisdiction for review that is so prayed for ex[h]ibits circled and exactly the same → Ex[h]ibits A-B-F and H-J circled charges dismissed again this action violates the act of congress under → the 25th/Section of the Act of 1789 in which requires the granting of the writ of habeas corpus. I am unlawfully i[m]prisoned. And also claiming Brady v. Maryland 373-US-83 demands that a state turn over evidence that would be favorable to the defendant and material to his innocen[ce] 1963 I am innocent of the charge against me because I never put my hands on anybody or hurt anybody. Again jurisdiction for review that is so prayed for. I am also requesting an evidentiary hearing my judg[]ment of conviction and forced plea agreement with the dismiss Count 4 and 2 Case No. 2010-2075 violates the Act of Congress under the 25th Section of the Act of 1789.

(Doc. 1).

Respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 6). In the alternative, respondent contends that petitioner's claims are subject to dismissal on exhaustion grounds. *Id.*

## II.  RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.

3

Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial proceedings. Since petitioner was aware of the facts underlying his claims by the close of trial, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on October 15, 2010 upon expiration of the 30-day period for filing an appeal as of right from the trial court's September 15, 2010 final judgment entry. *See* Ohio R. App. P. 4(A). The statute commenced running on October 18, 2010, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on October 18, 2011, absent the application of statutory or equitable tolling principles.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2). *See also Holland v. Florida,* — U.S. —, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). Petitioner does not appear to have filed any applications for post-conviction relief prior to filing his habeas petition on May 29, 2012. Accordingly, it appears the petition is time-barred unless petitioner is entitled to equitable tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)), *petition for*

4

*cert. filed,* Nos. 11-10643, 11A869 (U.S. Apr. 25, 2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall,* 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner failed to appeal his conviction to the Ohio Court of Appeals or Ohio Supreme Court. Petitioner's failure to pursue relief in the state courts and delay in initiating this federal habeas action demonstrate that he has not acted with the degree of diligence necessary to trigger equitable tolling concerns. Second, petitioner has not argued that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition, filed roughly five-months after the expiration of the limitations period, is time-barred.

Petitioner has argued that his petition is not time-barred because, according to petitioner, his "indictment was not found by State, Federal and Constitutional law." (Doc. 7, p. 1).

Petitioner appears to argue that his indictment and subsequent convictions are not valid because "a true bill" was typed and not indorsed by the jury foreman on his indictment.[1] On this basis, petitioner argues that his petition cannot be time-barred. (*See* Doc. 7, p. 3). Petitioner also claims that his void judgment can be attacked at any time under the "Act of Congress by the 25th Section of the Act of 1789." (Doc. 1, Ground Two).

Petitioner's arguments are without merit. First, the Court notes that the Ohio Supreme Court has specifically ruled that under Ohio law it is sufficient that the words "a true bill" were preprinted on an indictment form and that the grand jury foreperson subscribed his name under that endorsement. See *Payne v. Jeffreys*, 846 N.E.2d 1248, 1249 (Ohio 2006). Furthermore, as respondent has argued in the return of writ, there is no federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California*, 110 U.S. 516, 537-38 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972); *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. . . . It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."). *Cf. Watson v. Jago,* 558 F.2d 330, 337 (6th Cir. 1977); *Fears v. Miller,* No. 1:09-cv-698, 2009 WL 6315341, at *9 (N.D. Ohio Dec. 1, 2009) (Report & Recommendation), *adopted,* 2010 WL 1258096 (N.D. Ohio Mar. 30, 2010); *Harsh v. Warden, Chillicothe Corr. Inst.,* No. 1:08-cv-433, 2009 WL 3378246, at *1, *20 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.). In any event, petitioner cannot evade the AEDPA's statute of limitations "by the simple expedient of arguing that [the challenged] conviction is void."

---

[1] Petitioner cites to Ohio Rev. Code § 2939.20, which states, "At least twelve of the grand jurors must concur in the finding of an indictment. When so found, the foreman shall indorse on such indictment the words 'A true bill' and subscribe his name as foreman."

*Saunders v. Clarke,* No. 3:11-cv-170, 2012 WL 1580427, at *1 (E.D. Va. May 4, 2012) (and cases cited therein); *Preston v. Thaler,* Civ. Act. No. H-10-1647, 2010 WL 3339225, at *3 (S.D. Tex. Aug. 23, 2010) (and cases cited therein); *United States ex rel. Wahl v. Sims,* No. 08-cv-1383, 2009 WL 307965, at *2 (N.D. Ill. Feb. 5, 2009) (holding that the federal habeas petition was time-barred and not subject to equitable tolling "regardless of [the petitioner's] assertion that his indictment was void").

Finally, to the extent that petitioner claims his petition is timely because he is "claiming a right under the Act of Congress under the 25th section of the Act of 1789" (Doc. 1, Ground Two) his position is unavailing. As the Court noted in *Morgan v. Robinson,* Case No. 3:12-cv-254, 2012 WL 3114894, at *1 (S.D. Ohio July 31, 2012) (Report and Recommendation), *adopted,* (S.D. Ohio Sept. 10, 2012) (Doc. 4), petitioner's claim is without merit:

> [Petitioner] apparently believes he can avoid the exhaustion doctrine, the procedural default doctrine, and the statute of limitations (which was fatal to his prior case) by pleading that he brings his case solely under "the 25th section of the Judiciary Act of 1789 wholly under the Act of Congress. No claims are time barred or procedurally defaulted nor do [sic] a defendant has to exhaust state remedies when claiming under the 25th section of the Judiciary Act of 1789. Again, wholly under the Act of Congress." (Petition, Doc. No. 1, PageID 5). Title 28 of the United States Code was enacted as positive law by the Act of June 25, 1948, thereby repealing prior law dealing with the subject matter of the Judicial Code. Thus the Judiciary Act of 1789 is no longer law in the United States. In any event, § 25 of the Judiciary Act of 1789 conferred jurisdiction on the Supreme Court, and not on the district courts; even if it were still the law, it would not support jurisdiction of this Court over this case.

*Id.*; *see also Tackett v. Warden,* Case No. 1:11-cv-450, 2012 WL 3023260, at *2 (S.D. Ohio July 24, 2012) (rejecting petitioner's contention that his claims were not time-barred because they could be reviewed under the 25th Section of the Judiciary Act of 1789).

Accordingly, in sum, the undersigned concludes that the instant petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED**, and the instant habeas

corpus petition (Doc. 1), filed well after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the statute of limitations issue addressed herein because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/15/13

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN H. PRINGLE,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-411

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   John H. Pringle #637-345
   Chillicothe Corr. Inst.
   PO Box 5500
   Chillicothe, OH 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X ☒ Agent
     ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7011 3500 0001 5345 9329

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540