UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JOHN H. PRINGLE, | : | NO. 1:12-CV-00411 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| WARDEN, CHILLICOTHE | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 9), and Petitioner's Objection (doc. 11).  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 9), and DISMISSES the Petition with prejudice.

Petitioner filed his <u>pro</u> <u>se</u> Petition for a Writ of Habeas Corpus to challenge the conviction in the Brown County Common Pleas Court on one count of felonious assault with a firearm specification and one count of domestic violence (doc. 9).  Such conviction was premised on his guilty pleas to each count, and resulted in a sentence of ten years of incarceration (<u>Id</u>.).

Petitioner alleges two grounds for relief in his Petition, each of which Magistrate Judge Litkovitz found time-barred under 29 U.S.C. § 2244(d)(1) (<u>Id</u>.).  The Magistrate Judge scrutinized the record and found that Petitioner's conviction became final on October 15, 2010 upon expiration of the 30-day

period for filing an appeal as of right from the trial court's September 15, 2010 final judgment entry (<u>Id</u>.). Because the statute commenced running the next business day, October 18, 2010, Petitioner had until October 19, 2011 to file an appeal (<u>Id</u>. <u>citing</u> Fed. R. Civ. P. 6(a)). He did not do so.

The Magistrate Judge further found no statutory tolling applies under Section 2244(d)(2) so as to extend the statute of limitations in this case (<u>Id</u>.). The Magistrate Judge found no evidence that Petitioner has been diligent in pursuing his rights, or that he was prevented by some extraordinary circumstance from seeking relief in a timely manner (<u>Id</u>.). Accordingly, the Magistrate Judge concluded that Petitioner's Petition, filed roughly five months after the expiration of the limitations period, is time-barred (<u>Id</u>.).

Petitioner contends his Petition is not time-barred because his "indictment was not found by State, Federal and Constitutional law," seeking relief under the theory that his indictment and convictions are invalid because the words "a true bill" was typed rather than indorsed by a jury foreman on his indictment (doc. 7). Petitioner further contends his "void judgment" can be attacked at any time under the "Act of Congress by the 25th Section of the Act of 1789" (doc. 1).

The Magistrate Judge rejected Petitioner's arguments (doc. 9). She noted first the Ohio Supreme Court has found the

2

pre-printed words "a true bill" on an indictment valid under Ohio law (Id. citing Payne v. Jeffreys, 846 N.E.2d 1248, 1249 (Ohio 2006)). The Magistrate Judge noted there is no federal constitutional right to an indictment in state criminal proceedings, such that Petitioner therefore has no federal claim based on such theory (Id. citing Hurtado v. California, 110 U.S. 516, 537-38 (1884)). Moreover, citing Saunders v. Clarke, No. 3:11-CV-170, 2012 WL 1580427, at *1 (E.D. Va. May 4, 2012), the Magistrate Judge noted that a Petition cannot evade the applicable statute of limitations by simply arguing the challenged conviction is void (Id.). Finally, the Magistrate Judge rejected Petitior's argument that he is claiming "a right under the Act of Congress under the 25th section of the Act of 1789" as unavailing under Morgan v. Robinson, Case No. 3:12-CV-254, 2012 WL 3114894 at *1 (S.D. Ohio July 31, 2012)(Report and Recommendation), adopted, (S.D. Ohio Sept. 10, 2012) (Id.).

In conclusion, the Magistrate Judge recommended the Petition be dismissed with prejudice and that Petitioner be denied a certificate of appealability, as any appeal would be objectively unreasonable under Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)(Id.). The Magistrate Judge further recommended that any application to proceed on appeal in forma pauperis should be denied (Id.).

In his Objection, Petitioner challenges the Magistrate

3

Judge's conclusions, and in particular reiterates his position that the indictment was defective for lack of the indorsed words "a true bill" (doc. 11).  Petitioner in no way addresses the Magistrate Judge's cited authority that under Ohio law, the indictment was sufficient, and that in any event, there is no federal claim based on such theory.  The balance of Petitioner's objection appears repetitive to the Court.  Finally, to the extent Petitioner raises a claim based on Brady v. Maryland, 373 U.S. 83 (1963), he identifies no exculpatory evidence the government withheld to his prejudice, and in any event, Brady claims are also barred by the applicable statute of limitations, Johnson v. Conway, No. 03-Civ-5344, 2006 U.S. Dist. LEXIS 44362, (S.D. N.Y., June 29, 2006).  Petitioner's assertion that he is innocent is backed by no evidence, and as such, is conclusory.  The Court finds well-taken the Magistrate Judge's position that there is no basis for statutory tolling under any other theory.

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned and correct.  The Court agrees with the Magistrate Judge that Petitioner's Petition is time-barred and he has shown no basis for equitable tolling of the statute of limitations.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 9) in all respects, GRANTS Respondent's Motion to Dismiss (doc. 6), and DISMISSES Petitioner's Petition (doc. 1)

4

with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d). The Court further DENIES a certificate of appealability, and CERTIFIES that it should not issue with respect to the statute of limitations issue because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). Finally, with respect to any application by Petitioner to proceed on appeal <u>in forma pauperis</u>, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal <u>in forma pauperis</u> upon a showing of financial necessity. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).


        SO ORDERED.


Dated: September 24, 2013          <u>s/S. Arthur Spiegel</u>
                                   S. Arthur Spiegel
                                   United States Senior District Judge